UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES ALBERT JONES,

        Plaintiff,

        v.                            Case No. 25-cv-0741-bbc

SGT T. SMITH and
OFFICER Q. AHMED,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff James Albert Jones, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated and the Milwaukee County Community Reintegration Center. This matter comes before the Court on Jones' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Jones has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Jones has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and the Court has determined that he has neither the assets nor means to pay an initial partial filing fee. Accordingly, the Court will waive Jones' obligation to pay an initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Jones, on February 26, 2025, he asked Defendant Officer Q. Ahmed to put him on the list to receive Ramadan meals. Despite Officer Ahmed placing him on the list, Jones asserts that he did not receive Ramadan meals. In fact, Jones asserts that he did not receive *any* meals. On March 8, 2025, Jones filed a grievance about not receiving meals, and kitchen staff responded that they are not responsible for maintaining the Ramadan list. Jones then contacted Officer Ahmed, who confirmed that she had placed him on the Ramadan list. Jones asserts that she showed him on the computer that his name was on the list. Officer Ahmed allegedly informed Jones that she would contact Sgt. T. Smith about his inclusion in the Ramadan meal program. According to Jones, Sgt. Smith ignored Officer Ahmed's email and did nothing to address the problem. Jones asserts that he had to rely on other inmates to give him food.

## ANALYSIS

Under the First Amendment, prison officials may not "personally and unjustifiably place[] a substantial burden on [a prisoner's] religious practices. A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (cleaned up). Based on this standard, Jones states a First Amendment claim against Sgt. Smith based on allegations that he ignored Officer Ahmed's notice that Jones was not receiving Ramadan meals, which resulted in Jones not having sufficient food during Ramadan. Jones may also proceed on a claim against Sgt. Smith under the Religious Land Use and Institutionalized Persons Act (RLUIPA), which prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution," unless "that imposition of the burden on that person: (1) is in furtherance of a compelling

governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).

Jones does not, however, state a claim against Officer Ahmed, who, according to Jones, properly placed him on the list to receive Ramadan meals and then escalated the issue to her supervisor after Jones informed her that he was not receiving the meals. Section 1983 does not establish a system of vicarious liability, and there is no general duty of rescue. *Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir. 2009). "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job." *Id.* at 595. Officer Ahmed took steps within her power to ensure Jones received Ramadan meals, and when problems she could not resolve arose, she escalated the issue to her supervisor. The Constitution does not demand more.

**IT IS THEREFORE ORDERED** that Jones' motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jones fails to state a claim against Officer Q. Ahmed, so the clerk's office is directed to terminate her from this action.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Jones' complaint and this order are being electronically sent today to Milwaukee County for service on Sgt. Smith, who worked at the Milwaukee County Reintegration Center at the relevant time.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Sgt. Smith shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Jones shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Jones' prison

4

trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jones is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jones' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Jones is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jones is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on August 14, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge